UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

EQUITY ONE (FLORIDA PORTFOLIO)
LLC; and CK AT SOUTH DIXIE LLC
d/b/a CHICKEN KITCHEN,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues EQUITY ONE (FLORIDA PORTFOLIO) LLC; and CK AT SOUTH DIXIE LLC d/b/a CHICKEN KITCHEN; (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, EQUITY ONE (FLORIDA PORTFOLIO) LLC, owned and operated a commercial property at 15001 South Dixie Highway, Miami, Florida, 33176, (hereinafter the "Commercial Property") and conducted a substantial amount of business

1

in that place of public accommodation in Miami Dade County, Florida.

5. At all times material, Defendant, EQUITY ONE (FLORIDA PORTFOLIO) LLC, was and is a Florida Limited Liability Company registered to conduct business in the State of Florida, with its principal place of business listed in Jacksonville, Florida.

6. At all times material, Defendant, CK AT SOUTH DIXIE LLC d/b/a CHICKEN KITCHEN, owned and/or operated a commercial restaurant within the Commercial Property located at 15001 South Dixie Highway, Miami, Florida, 33176 and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, CK AT SOUTH DIXIE LLC, holds itself out to the public as "CHICKEN KITCHEN."

7. At all times material, Defendant, CK AT SOUTH DIXIE LLC was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against

people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15. Defendant, EQUITY ONE (FLORIDA PORTFOLIO) LLC, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, located in Miami Dade County, Florida, that is the subject of this Action.

16. The subject Commercial Property is open to the public. The individual Plaintiff

visits the Commercial Property and businesses located within the commercial property, to include visits to the Commercial Property and business located within the Commercial Property on or about August 29, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately seventeen (17) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

17.     The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

19.     Defendants, EQUITY ONE (FLORIDA PORTFOLIO) LLC and CK AT SOUTH DIXIE LLC, own and/or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, EQUITY ONE

(FLORIDA PORTFOLIO) LLC., and CK AT SOUTH DIXIE LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation where Defendants, EQUITY ONE (FLORIDA PORTFOLIO) LLC and CK AT SOUTH DIXIE LLC, own and/or operate are the Commercial Property and/or Business located at 15001 South Dixie Highway, Miami, Florida, 33176.

20. Defendants, EQUITY ONE (FLORIDA PORTFOLIO) LLC and CK AT SOUTH DIXIE LLC are jointly liable and responsible for all the violations listed in Count II of this Complaint. Defendant, EQUITY ONE (FLORIDA PORTFOLIO) LLC as landlord of the commercial property is liable for all the violations listed in this Complaint.

21. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the services available at the Commercial Property, but to assure himself that the Commercial Property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO DEFENDANT
EQUITY ONE (FLORIDA PORTFOLIO) LLC**

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, EQUITY ONE (FLORIDA PORTFOLIO) LLC, has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

Common Areas

   A. Entrance Access and Path of Travel

i. Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: there are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii. Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: the path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: there are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the

  ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: there are changes in levels of greater than half an inch (½"), violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II – ADA VIOLATIONS AS TO DEFENDANTS EQUITY ONE (FLORIDA PORTFOLIO) LLC AND CK AT SOUTH DIXIE LLC

25.  The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26.  Defendants, EQUITY ONE (FLORIDA PORTFOLIO) LLC, and CK AT SOUTH DIXIE LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and Business, include but are not limited to, the following:

 A. <u>Access to Goods and Services</u>

i.  There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

 B. <u>Public Restrooms</u>

i.  Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: the flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose

      resolution is readily achievable.

ii. Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: the water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than twelve inches (12") above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it is mounted too high and requires tight grasping. Violation: the restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9, 4.27.3, & 4.27.4 of the ADAAG and Sections 309.3, 309.4, & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

27. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

28. The individual Plaintiff, and all other individuals similarly situated, have been

denied access to and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendants, Defendants' building, the businesses, and facilities therein; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32. Notice to a defendant is not required as a result of the defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the business named herein located within the commercial property, located at and/or within the commercial property located at 15001 South Dixie Highway, Miami, Florida, 33176, the exterior areas, and the common exterior areas of the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees,

costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 8, 2024

Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
jacosta@lawgmp.com, aquezada@lawgmp.com

By: */s/ Beverly Virues*
BEVERLY VIRUES
Florida Bar No.: 123713
ARMANDO MEJIAS
Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: */s/ Ramon J. Diego*
RAMON J. DIEGO
Florida Bar No.: 689203